# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

**CRYSTAL S. CHERRY,**

       **Plaintiff,**

v.                                                    **Case No. 13-2071**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

       **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff Crystal S. Cherry seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of her applications for disability insurance benefits and supplemental security income. The parties have filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment (**#15**) be **GRANTED**, Defendant's Motion for Summary Judgment (**#19**) be **DENIED**, and that this case be remanded for further proceedings under Sentence Four of § 405(g).

## I. Background

On April 20, 2010, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning October 23, 2008. These applications were denied initially and upon reconsideration. On June 13, 2011, Plaintiff, represented by counsel, appeared for a hearing before an Administrative Law Judge (ALJ), during which Plaintiff and a vocational expert testified.

On June 30, 2011, the ALJ issued an unfavorable decision. (R. 71-82.) The ALJ discredited Plaintiff's testimony of disabling pain and limitations. The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, obesity, asthma, depression, and anxiety. The ALJ determined that Plaintiff's impairments did not meet or equal the listings. The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work, except that she can only occasionally climb, balance, stoop, kneel,

crouch, and crawl; she should avoid concentrated exposure to heights and hazards, respiratory irritants, temperature extremes, humidity, and wetness; and she is limited to work involving only simple instructions, routine tasks, and occasional changes in the work setting. The ALJ then determined that, although Plaintiff could not return to her past relevant work, she could transition to other jobs in the national economy and, therefore, was not disabled. The ALJ's decision became the final ruling of the Commissioner when the Appeals Council denied Plaintiff's request for review.

Plaintiff argues that the ALJ erred when she 1) discounted the opinions of treating physician Dr. Chikhman and consulting physician Dr. Francis and credited the opinion of consulting physician Dr. Vincent, despite an internal inconsistency; 2) failed to assess whether Plaintiff's back problems met or equaled the listings; 3) discredited Plaintiff's testimony; and 4) omitted from the RFC limitations supported by Plaintiff's testimony.

## II.  Standard of Review

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

## III.  Discussion
### A.  Physicians' Opinions

When evaluating a physician's opinion, an ALJ is required to consider whether 1) the physician examined the claimant; 2) the physician treated the claimant, with attention to the length and nature of the treating relationship; 3) relevant evidence supports the opinion; 4) the opinion is consistent with the record as a whole; 5) the physician is a specialist; and 6) any other

factors tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c). A treating physician's opinion warrants special deference and receives "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2); *see also Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011). However, "once well-supported contradicting evidence is introduced, the treating physician's evidence is no longer entitled to controlling weight and becomes just one more piece of evidence for the ALJ to consider." *Bates v. Colvin*, 736 F.3d 1093, 1099-1100 (7th Cir. 2013) (internal quotation marks omitted). If the ALJ does not give the treating physician's opinion controlling weight, the ALJ must give "good reasons" for the weight given to the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

**1. Dr. Chikhman**

Plaintiff first argues that the ALJ erred in rejecting the opinion of treating physician Dr. Chikhman, who submitted physical and mental RFC assessments on August 24, 2010. (R. 707-15.) Dr. Chikhman's diagnoses included depression, anxiety, back pain, and radiculopathy. Dr. Chikhman stated that, due to Plaintiff's constant pain, she could sit for 15 minutes at a time; stand for 15-20 minutes at a time; sit or stand for less than 2 hours in an 8-hour workday; and would miss 4 or more days of work per month due to her impairments.

The ALJ declined to credit Dr. Chikhman's opinions for the following reasons: Dr. Chikhman's specialty and length of treatment relationship with Plaintiff were not clearly identified in her opinions; the opinions were not supported by the other medical evidence; and Plaintiff testified that she had greater abilities than those found by Dr. Chikhman (Plaintiff testified that she could sit for an hour at a time (R. 48), but Dr. Chikhman indicated she could sit for only 15 minutes).

Plaintiff argues that the ALJ erred when she discredited Dr. Chikhman because her specialty and length of treating relationship with Plaintiff were not apparent from the face of her opinions. Plaintiff argues that if the ALJ could not determine from the record Dr. Chikhman's specialty (family practice) and length of treating relationship (two years), it was the ALJ's duty to request additional information from Dr. Chikhman before discrediting her on this basis.

Plaintiff also maintains that the ALJ was required to address each factor identified in § 404.1527(c)(2) when assessing Dr. Chikhman's opinion.

Although an ALJ is not required to mention every factor listed in § 404.1527(c)(2) as long as she provides good reasons for discounting a treating physician's opinion, *see Henke v. Astrue*, 498 F. App'x 636, 640 n.3 (7th Cir. 2012), the ALJ's analysis was lacking here. It was error for the ALJ to discredit Dr. Chikhman's opinion due to the ALJ's own failure to review the record or request additional information regarding Dr. Chikhman's specialty and length of treatment relationship. *See Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000) ("[T]he ALJ has a duty to develop a full and fair record."). Furthermore, because the ALJ was unaware of Dr. Chikhman's specialty and length of treatment relationship, the ALJ was unable to evaluate Dr. Chikhman's opinion as required by the regulations.

Additionally, although the ALJ wrote that the other medical evidence did not support Dr. Chikhman's opinions about the severity of Plaintiff's pain and limitations, the ALJ minimized other physicians' findings about Plaintiff's back pain that supported Dr. Chikhman's opinions. The ALJ wrote:

> In terms of the claimant's lumbar spine, the record reveals left lumbar radiculopathy due to degenerative disc disease, which was interpreted by treating sources as "mild" in both December 2009 and October 2010. Upon treating source exam in December 2009, the claimant had tenderness on palpation; but normal gait, reflexes, sensation, and motor strength. In February 2010 upon treating source neurologic consult, there was lumbar spasm, tenderness, limitation in range of motion, and straight leg raising was positive; however, motor exam, strength and tone, and sensory exams were all normal. Upon consultative exam in July 2010, range of motion in the lumbar spine was reduced; but gait, sensory testing, and reflex testing were all normal. Furthermore, in October 2010, her treating orthopedic specialist determined that conservative pain management would be the claimant's best option and that based on minimal MRI findings, she would not be a surgical candidate.

(R. 78 (citations omitted)). A closer look at the consultative exam from July 2010, for example, reveals that Dr. Karri found moderate degeneration of the lumbar spine; markedly decreased range of motion, with flexion of only 30 degrees and extension of 0 degrees; tenderness in the lumbar spine; positive straight leg raise tests on both sides; and inability to squat. (R. 617-21.) Additionally, although Plaintiff's orthopedic specialist indicated in October 2010 that Plaintiff

was not a surgical candidate and that conservative pain management was her best treatment option, he also noted that she continued to report significant back pain and radiating leg pain, and that this pain did not respond to a pain injection or physical therapy. (R. 909.)

Therefore, the Court finds that this case should be remanded for the ALJ to reconsider Dr. Chikhman's opinion.

## 2. Dr. Francis

Plaintiff next contends that the ALJ should have accepted the opinion of consulting physician Dr. Francis. (R. 871-76.) Dr. Francis reasoned that Plaintiff could perform light work prior to August 24, 2010, but added that, if the ALJ found Dr. Chikhman's August 24, 2010, assessment credible, then Plaintiff's impairments would equal listing 1.04A, disorders of the spine, and she would have an RFC of less than sedentary work as of August 24, 2010. (R. 876.)

The ALJ rejected Dr. Francis's opinion because he relied nearly entirely on Dr. Chikhman's opinion, which, as discussed earlier, the ALJ also declined to accept. Because the ALJ's analysis of Dr. Francis's opinion hinged on her rejection of Dr. Chikhman's opinion, the Court finds that the ALJ must also reconsider Dr. Francis's opinion.

## 3. Dr. Vincent

The ALJ gave "great weight" (R. 80) to the opinion of consulting physician Dr. Vincent, who, after reviewing the medical evidence of record, determined that Plaintiff could perform light work with only occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and where she could avoid concentrated exposure to temperature extremes, wetness, humidity, respiratory irritants, and hazards. (R. 640-47.) As Plaintiff argues, however, Dr. Vincent noted that Dr. Karri found that Plaintiff's range of motion in her lumbar spine was very limited, with flexion of 30 degrees and extension of 0 degrees. Dr. Vincent, nevertheless, concluded that Plaintiff could occasionally stoop. The ALJ erred by failing to resolve the inconsistency between Dr. Vincent's opinion and undisputed evidence of Plaintiff's limited ability to bend. *See Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (ALJ erred by failing to resolve inconsistency between doctor's opinion that claimant could stoop occasionally

and evidence of claimant's limited ability to bend—40 degrees of flexion, 15 degrees of extension, and 10 degrees of tilting); *Thomas v. Colvin*, 534 F. App'x 546, 551 (7th Cir. 2013) (ALJ erred by failing to resolve inconsistency between doctor's opinion that claimant could occasionally stoop, kneel, crouch and crawl and evidence that claimant had only 50 degrees of flexion and was unable to squat).

## B. Listing 1.04

Plaintiff next argues that the ALJ erred by failing to analyze whether Plaintiff's impairments met or equaled Listing 1.04, disorders of the spine. "[W]here an ALJ omits reference to the applicable listing and provides nothing more than a superficial analysis, reversal and remand is required." *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004). Here, the ALJ did not address whether Plaintiff's back impairments met or equaled any listing, much less Listing 1.04. On remand, the ALJ must address whether Plaintiff's back impairments meet or equal the listings.

## C. Credibility

Plaintiff also argues that the ALJ erroneously discounted her credibility. The Court gives substantial deference to an ALJ's credibility determination and will only overturn it if it is "patently wrong." *Bates v. Colvin*, 736 F.3d 1093, 1098-99 (7th Cir. 2013). Importantly, however, "an ALJ must adequately explain his credibility finding by discussing specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013).

One of the ALJ's central reasons for discrediting Plaintiff was that her testimony of disabling pain was not supported by the objective medical evidence. Because the Court has determined that the ALJ erred by rejecting certain medical opinions and minimizing others, the ALJ should also reconsider Plaintiff's credibility on remand. The Court also agrees with Plaintiff that the ALJ should have considered Plaintiff's limited daily activities in evaluating her credibility. *See* 20 C.F.R. § 404.1529(c)(3). Plaintiff also notes that, although the ALJ gave great weight to Dr. Vincent's opinion, she appeared to ignore Dr. Vincent's opinion that Plaintiff's symptoms were credible. The ALJ should consider this portion of Dr. Vincent's opinion on remand. Plaintiff also argues that the ALJ should not have discredited her because

she sought unemployment benefits and, therefore, certified that she was willing and able to work. Although the Seventh Circuit has not explicitly prohibited ALJs from relying on a claimant's receipt of unemployment benefits to discount credibility, it has cautioned that such reliance is inappropriate where the evidence shows the claimant sought employment because she had no other source of income. *Richards v. Astrue*, 370 F. App'x 727, 732 (7th Cir. 2010) ("A desperate person might force herself to work—or in this case, certify that she is able to work—but that does not necessarily mean she is not disabled."). Therefore, the ALJ should not discredit Plaintiff on this basis if the evidence on remand shows that Plaintiff sought benefits because she had no other source of income.

Finally, Plaintiff also contends that the ALJ should have included in the RFC additional limitations supported by Plaintiff's testimony, including Plaintiff's need to elevate her legs, inability to sit or stand for extended periods of time, hand limitations, need to recline or nap during the day, and side effects from her medications. The Court agrees that, because the ALJ must reconsider Plaintiff's credibility on remand, the ALJ should also consider whether to incorporate these additional limitations into the RFC.

### IV. Conclusion

For these reasons, the Court finds that the ALJ's decision was not supported by substantial evidence. The Court recommends that Plaintiff's Motion for Summary Judgment (**#15**) be **GRANTED**, Defendant's Motion for Summary Judgment (**#19**) be **DENIED**, and that this case be remanded for further proceedings under Sentence Four of § 405(g). The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 30th day of June, 2014.

    s/DAVID G. BERNTHAL    
UNITED STATES MAGISTRATE JUDGE
